GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  vs.<br><br>Keymal Bert Rucker,<br>a.k.a. Christian Mills,<br><br>  Defendant. | CR-21-08082-002-PHX-SMB<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 25, Criminal History Category III, and a Guidelines range of 60 months' imprisonment, the statutory maximum. It has no objections or corrections to the PSR.

For over a year, Defendant Rucker directed his co-defendant, Rochelle Renee Conlin, to buy at least 103 firearms from gun stores in Arizona on his behalf. Rucker provided Conlin with the money to purchase firearms, instructed her on what to purchase, and took possession of the firearms after she purchased them. At the time, Rucker knew that he was a convicted felon who was prohibited from possessing firearms or ammunition. Five of the handguns that Conlin purchased for Rucker have been recovered by law enforcement in crimes in California. The United States respectfully recommends a sentence of 60 months' imprisonment followed by a term of 3 years' supervised release.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS AND PROCEDURAL HISTORY

From May 2019 to July 2020, Rucker directed his co-defendant, Rochelle Renee Conlin, to buy at least 103 firearms from Arizona gun stores on his behalf. Rucker provided Conlin with the money to purchase firearms, instructed her on what to purchase, and took possession of the firearms after she purchased them. Rucker misled Conlin with an alias, Christian Mills, and acted as if he was her boyfriend. In fact, Rucker had a fiancé with whom he shares two minor children and a family residence in Laughlin, Nevada. Rucker knew that he was a convicted felon at the time of these purchases and that he was prohibited from purchasing or possessing firearms or ammunition.

The PSR correctly holds Rucker responsible for at least 103 firearms. The firearms that Defendant instructed Conlin to purchase were handguns. These firearms included duplicates of the same make and model, including Glocks, which are popular because they can be easily converted from semi-automatic handguns into to a fully automatic handgun with a simple plastic switch. The firearms that Rucker instructed Conlin to purchase also included were six Century Arms Draco Mini AK-style pistols. This pistol is notable because it uses a larger rifle ammunition instead of the smaller ammunition typically used in pistols. Five of the guns purchased by Conlin for Rucker have been recovered by law enforcement in crimes in California; one was recovered in Rucker's possession. Rucker admitted to traveling to California frequently.

At the time of Rucker's arrest, ATF seized from his Nevada residence two machine gun switches for Glock handguns, a Glock pistol, an AR-15 style rifle, and several hundred rounds of ammunition from his residence. Only three months prior to his arrest, law enforcement seized from his vehicle and residence: two loaded .40 caliber handguns, an AK-47 pistol, extended and drum magazines, over 2000 rounds of ammunition, body armor, approximately $14,000 in U.S. currency, marijuana, cocaine, psilocybin mushrooms, suspected morphine pills, MDMA, an embossing machine with accessories, seven jars of Tannerite, and binary explosives. Law enforcement noted that a large variety

of illicit drugs were found located on or near children's food items, candy, and children's medication.

Rucker admitted his conduct. He also bragged to law enforcement about his ability to convert pistols and rifles from semi-automatic to fully automatic with plastic switches and coat hangers. Rucker also stated that he had contacts from whom he could obtain additional switches, large amounts of narcotics, and illegal firearms.

Rucker was charged by indictment with one count of Felon in Possession, in violation of 18 United States Code (U.S.C.) § 922(g)(l) and 924(a)(2), and 57 counts of Dealing in Firearms Without a License in violation of 18 U.S.C. § 924(a)(l)(A), a Class D felony offense. With the written consent of all parties, Defendant pleaded guilty before a United States Magistrate Judge to Count 26 of the indictment pursuant to a plea agreement. The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing.

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of 60 months' imprisonment followed by a term of 3 years' supervised release. As calculated in the PSR, Defendant has a Total Offense Level of 25, Criminal History Category III, and a Guidelines range of 60 months' imprisonment, the statutory maximum.

### A. A Sentence of 60 months' is Appropriate under § 3553(a)

The United States submits that 60 months' imprisonment is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1. Nature and Circumstances of the Offense

The nature and circumstances of the offense and Defendant's history and characteristics favor a sentence of 60 months'. Section 3553(a)(1) requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. The nature and circumstances of his offense call for a significant sentence. Defendant persuaded a young woman who believed that they

were dating to purchase 103 firearms for him with money that he provided. He lied to her about his identity and took possession of those firearms after she purchased them. It appears that Rucker then trafficked these firearms to California, as he admitted frequent travel to that state, five of the firearms were recovered by law enforcement there, and only one of the firearms was recovered in his possession in August 2021. Rucker was also found in possession of a multitude of items of high concern to the United States: two Glock switches, explosives, several firearms, thousands of rounds of ammunition, large amounts of cash, and significant amounts of multiple types of illicit drugs. At the time he possessed all of these items, Rucker knew that he was a prohibited possessor.

Defendant's history and characteristics also weigh in favor of a significant sentence. He was 29 years old at the time of the crimes: well past the age of majority and of complete brain development. Rucker also knew that he was a convicted felon at the time of the crimes and admitted that he was prohibited from possessing firearms and ammunition. The United States submits that Defendant's history and characteristics weigh in favor of a sentence of 60 months' imprisonment.

**2.      Seriousness of the Offense**

Second, pursuant to § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As discussed above, Defendant was a resident of Nevada and a prohibited possessor. He could not legally purchase a firearm anywhere, including in Arizona. In order to obtain a large number of firearms, he recruited and directed someone else—his co-defendant Conlin—to buy 103 firearms on his behalf. He gave Conlin a false name, lied about his fiancé and children in Nevada, and used Conlin for her residence, to buy firearms, and for a relationship. He introduced Conlin to firearms, provided her money to purchase them, instructed her on what to purchase, and took possession of the firearms after she purchased them. Rucker also admitted to possessing multiple machinegun switches for Glock handguns and told agents that he had experience converting Glock pistols and AK- and AR-style riles into fully automatic weapons. Despite knowing that he was a convicted felon

- 4 -

and a prohibited possessor, Rucker also possessed multiple firearms, extended and drum magazines, and large quantities of ammunition. He was also found in possession of illegal drugs, explosives, and body armor on multiple occasions. His rampant disregard for firearms laws and possession of myriad dangerous items is extremely serious and requires a significant sentence. Therefore, the United States submits that a sentence of 60 months' imprisonment properly reflects the seriousness of Defendant's conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

### 3. Adequate Deterrence

Third, pursuant to § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and other would-be traffickers in firearms and related items. A sentence of 60 months' imprisonment is sufficient but not greater than necessary to do so. Rucker was a prohibited possessor and a Nevada resident, yet he obtained at least 103 firearms in Arizona, including AK pistols and extended magazines. He also possessed thousands of rounds of ammunition and multiple Glock switches, which allowed him to turn some of those handguns into fully automatic machineguns. Rucker also admitted that he frequently traveled to California, where five of these firearms were recovered by law enforcement. His conduct was dangerous to the citizens of Arizona, Nevada, and California, and a sentence of 60 months is necessary to deter both him and others who would travel to Arizona to source firearms for illegal activity.

### 4. Protecting the Public

Fourth, § 3553(a)(2)(C) requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. The Court should give significant consideration to the number and type of the firearms and accessories in which Defendant trafficked. Rucker's conduct resulted in 102 firearms purchased in Arizona becoming untraceable. He also trafficked in switches that can turn some of those semi-automatic handguns into fully automatic machine guns. He bragged about his ability to

convert both handguns and AR- and AK-style rifles into machineguns. He also appears to have been engaged in drug trafficking based on the large amounts of drugs found in his residence, including in areas that were accessible to his children. His conduct has endangered the citizens of Arizona, Nevada, and California.

Despite this, Defendant has admitted his conduct with firearms and accepted responsibility for it. He also reports an extremely difficult childhood in which he turned to drugs and alcohol at a very young age to cope with his experiences. Defendant reported that he has graduated from high school despite lacking a supportive home. He is also the father of two minor children, one of whom has significant health challenges. In consideration of all these mitigating factors, the United States believes that a sentence of 60 months' imprisonment is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

### 5. Providing Needed Correctional Treatment

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. Defendant is in need of both substance abuse and mental health treatment. Defendant can obtain these while in prison. If he successfully completes such treatment, it would help to protect the public from his future crimes.

### B.   A 3-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Defendant be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. Defendant has also previously performed well while under supervision. A three-year term will provide him the best chance to integrate into law-abiding society. *See* 8 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1)). It is also necessary to protect the public from further crimes by Defendant and to deter his from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)).

//

**III.    CONCLUSION**

The United States recommends that Defendant receive a sentence of 60 months' imprisonment followed by a term of 3 years' supervised release.

Respectfully submitted this 14th day of April, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Theron M. Hall, *Attorney for defendant*

*s/ J. Brown*
U.S. Attorney's Office