GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Keymal Bert Rucker,<br>Defendant. | CR-21-08082-002-PCT-SMB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT RUCKER'S OBJECTIONS TO THE PSR** |

The United States opposes Defendant Rucker's objections to the PSR. The Court should disregard Rucker's new, self-serving stories and his attempts to walk back his prior admissions. Defendant's conduct and prior statements are corroborated by the statements of his co-defendant and other witnesses, as well as evidence gathered by law enforcement.

The Court should also overrule Defendant Rucker's single objection to his Guidelines calculation and find that the recommended 8-level enhancement under Section 2K2.1(b)(1)(D) does apply. This enhancement applies to Defendant Rucker—just as it did to Defendant Conlin—because the defendants together illegally purchased 102 firearms together. Rucker's role in Conlin's purchases of these guns has been established by a preponderance of the evidence.

## I. ARGUMENT

The PSR correctly holds Rucker responsible for all of his relevant conduct. "Relevant conduct" for purposes of a Guidelines calculation is more than simply the

specific crime admitted in the factual basis of his plea agreement. USSG §1B1.3. Specific offense characteristics, such as the enhancements under 2K2.1(b)(1), must be determined based on "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and include "all acts and omissions of others that were—(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." USSG §1B1.3(1)(A)-(B). Defendant's argument that he can only be sentenced on the conduct in his count of conviction is incorrect.

The Court should overrule Defendant's objection to the 8-level enhancement to his Guideline range because the applicability of this enhancement has been established by a preponderance of the evidence. First, Rucker's role in selecting the firearms, encouraging Conlin to purchase them, providing her the money to do so, and taking possession of the firearms is evidenced by statements made to law enforcement by Conlin, PSR para. 10; Ex. 2, ROI 4, Interview of Conlin, by employees of one of the FFLs that they purchased from (Mr. Pawn in Bullhead City, Arizona), PSR para. 9; Ex. 2, Interview of Mr. Pawn Employees, by statements made by Rucker himself, PSR para. 13, 15; Ex. 3, ROI 12, First Interview of Rucker, and by the contents of Conlin's cellular telephone, which was examined by law enforcement, Ex. 6, ROI 18, Analysis of Conlin's Telephone.

The Court should also overrule Rucker's attempt in his objection to seize on a statement that Conlin made early in her interview that she and Rucker began buying firearms in October 2019. That timeline does not correspond with Conlin's firearms purchases and was a statement that she made only a few minutes into an interview that lasted more than an hour and during which Conlin, as many defendants do, slowly revealed the extent of her and Rucker's conduct. Ex. 2. Although Conlin did make this statement, she also stated that she and Rucker dated from May 2019 to April 2020. PSR para. 10; Ex. 2. These dates align with Conlin and Rucker's firearms purchases as charged in the indictment, which occurred from May 25, 2019 to April 16, 2020. Indictment, Doc. 1. Rucker himself also admitted to dating and staying with Conlin from approximately May

2019 to April 2020. PSR para. 13; Ex. 3, ROI 12, First Interview of Rucker. Finally, Conlin's phone contains messages between her and Rucker regarding the purchase of firearms at least as early as June 2019. Ex. 3, ROI 18, Analysis of Conlin's Cellular Telephone.

When first confronted by law enforcement regarding his relationship with Conlin, Rucker admitted that they had dated for several years and that she purchased at least two firearms for him. PSR para. 13; Ex. 3. He also admitted to frequent travel to California—where at least five of the firearms that Conlin purchased for him have been recovered. PSR para. 13; Ex. 3. He also stated that he did not believe Conlin would tell agents she bought the guns for him, "for the simple fact that she's not supposed to do that." PSR para. 13; Ex. 3. Rucker also freely admitted to possession of cocaine and multiple illegal machinegun switches and advised that he had intended to use one of the switches on his Glock handgun. PSR para. 15; Ex. 7, ROI 19, Second Interview of Defendant Rucker. He also admitted to possessing a rifle, magazines, and hundreds of rounds of ammunition and claimed experience in converting multiple types of firearms into machine guns, as well as access to large amounts of narcotics and illegal firearms. PSR para. 15. Rucker's current attempt to distance himself from these admissions, which occurred on multiple days and are corroborated by the contents of Conlin's phone, items seized from Rucker's home and car, and interviews with other individuals (including a man nicknamed "Bear," to whom Rucker attempted to divert blame), should be as ineffective as it is transparent.

Defendant's objection to the 8-level enhancement should also be overruled because the Court already correctly applied this enhancement to Rucker's co-defendant at her sentencing. Conlin purchased 102 firearms on behalf of Rucker and with his aid and assistance. Therefore, both defendants receive an 8-level enhancement under 2K2.1(b)(1). Third, the grand jury charged both Defendants with 57 counts of false statement in the

purchase of a firearm,[1] finding probable cause to charge Rucker for his role in 57 separate purchases of firearms by Conlin.

Defendant's "objections" to Paragraphs 8-16, 18, 43-47, 50, and 56, are new and self-serving lies that attempt to walk back his prior statements to law enforcement. Defendant is trying to evade responsibility for his actions and presumably attempting to save face in front of a fiancée on whom he cheated with his co-defendant. The Court should reject them.

Defendant persuaded a young woman who believed that she was dating a man named Christian Milz to purchase 103 firearms for him with money that he provided. He lied to her about his identity and took possession of those firearms after she purchased them. It appears that Rucker then trafficked these firearms to California, as he admitted frequent travel to that state, five of the firearms were recovered by law enforcement there, and only one of the firearms was recovered in his possession in August 2021. During two separate searches of his home and vehicle, Rucker was also found in possession of a multitude of items of high concern to the United States: two Glock switches, explosives, several firearms, thousands of rounds of ammunition, large amounts of cash, and significant amounts of multiple types of illicit drugs. Defendant knew that he was a convicted felon at the time of the crimes and admitted that he was prohibited from possessing firearms and ammunition. Defendant's new excuses for his possession of some (although not all) of the illegal drugs in his home and some (but again not all) of the weapons found there are not credible.

The United States has no information regarding Defendant's objections to Paragraphs 36, 58, and 68.

---

[1] Rucker was also charged with one count of Felon in Possession of a Firearm and Conlin with one additional count of False Statement in the Purchase of a Firearm.

## II. CONCLUSION

The United States recommends that the Court overrule Defendant's objections and sentence him to 60 months' imprisonment followed by 3 years' supervised release.

Respectfully submitted this 25th day of May, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
Assistant U.S. Attorney

**INDEX OF EXHIBITS**

1. Report of Investigation No. 2: Interview of Mr. Pawn Employees, Mar. 15, 2020
2. Report of Investigation No. 4: First Interview of Defendant Conlin, May 20, 2020
3. Report of Investigation No. 12: First Interview of Defendant Rucker, May 27, 2020
4. Report of Investigation No. 13: Continued Interview of Defendant Rucker, May 27, 2020
5. Report of Investigation No. 16: Interview of "Bear," June 10, 2020
6. Report of Investigation No. 18: Analysis of Contents of Defendant Conlin's Cellular Telephone, Aug. 18, 2020
7. Report of Investigation No. 19: Second Interview of Defendant Rucker, August 5, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Theron M. Hall, *Attorney for defendant*

*s/ C.Covington*
U.S. Attorney's Office